

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DERRICK LEE SMITH #267069,

SHERRI SLAGHT,

GEORGE PRESTON

KATHY PRESTON,

LEIGH WATERS,

JADE MILLICHAMP,

    PLAINTIFF[S] ET AL,

V.

BONITA HOFFNER,

LT. BORST,

OFFICER SCHEIDLER,

OFFICER WEERS,

DONALD WINSLEY,

ACCOUNTING OFFICE STAFF,

    DEFENDANT[S],

_____/

Case 2:15-cv-10349
Judge: Cohn, Avern
MJ: Morris, Patricia T
Filed: 01-26-2015 At 04:00 PM
PRIS DERRICK LEE SMITH, ET AL V BONITA HOFFNER, ET AL (LG)

## I. JURISDICTION & VENUE

1. This is a civil rights actions authorized 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the

(1)

United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Michigan is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to the claim occurred.

## II PLAINTIFFS

3. Plaintiff Derrick Lee Smith, is and was at all times mentions herein a prisoner of the State of Michigan in the custody of the Michigan department of Corrections. He is currently confined at the Lakeland Correctional Facility in the City of Coldwater, Michigan.

4. Defendant Bonita Hoffner, is the Warden of the Lakeland Correctional Facility. She is legally responsible for the operation of the Lakeland Correctional Facility and for the welfare of all inmates in that prison.

5. Defendant, Lt. borst, is a Correctional Officer of the Department of Corrections who, at all times mentioned in


(2)

this complaint, held the rank of Acting Lieutenant and was assigned to the Lakeland Correctional Facility.

6. Defendant Scheidler is a Correctional Officer of the Michigan Department of Corrections who, at all times mentioned in this complaint held the rank of Lieutenant/Captain and was assigned to the Lakeland Correctional Facility.

7. Defendant, Weers if a Correctional Officer of the Michigan Department of Corrections, who, at all times mentioned in this complaint, held the rank of CORRECTIONS OFFICER, and was assigned to the Lakeland Correctional Facility.

8. Defendant, Donald Winsley, is a employee of the Michigan Department of Corrections, who, at all times mentioned in this complaint held the rank of Case Manager, Counselor, ARUS and was assigned to the Lakeland Correctional Facility.

9. Defendant ACCOUNTING OFFICE STAFF are all employees of the Michigan Department of Corrections who, at all times mentioned in this Complaint, held the rank of employees of the INMATE TRUST ACCOUNTING SYSTEM, and are assigned to the Lakeland Correctional Facility.

10. Each Defendant is sued individually and in his or her

(3)

official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III FACTS

11. The facts of this case that are the basis for plaintiffs Derrick Lee Smith's lawsuit are as follows:

Defendant Bonita Hoffner allowed her employees to engage in the TAKING OF MONEY FROM PLAINTIFFS INMATE ACCOUNT WHICH THEY WERE NOT AUTHORIZED TO REMOVE OUT OF PLAINTIFFS ACCOUNT. This is an act of THEFT, NEGLIGENCE AND INTENTIONAL MISUSE OF the Plaintiffs money that is in Plaintiffs trust account which is in the case of the employees and defendants of under her command and did not do anything to prevent this act from taking place, and as a result of this, the Defendants have all taken money out of the Plaintiffs Account which they were NOT AUTHORIZED TO DO and did in fact Violate the TRUST that was place din them over that of Plaintiffs INMATE TRUST ACCOUNT. Where on January 7, 2015, $21.39 was removed from Plaintiffs Account to be sent to Kathleen Spoors as a result of a Restitution Judgement entered by Co-Defendants Lt. Borst and Lt. Scheidler which was to go towards paying the full $75.00 restitution order that was ordered to be paid. Then, On January 14, 2015, another $75.00 was removed from Plaintiffs inmate account to be

(4)

sent to Kathleen Spoors to pay the $75.00 that was ordered to be taken from Plaintiffs account by the defendants. This resulted in a combined total of $96.39 being sent to Kathleen Spoors by the money being taken out of the Plaintiffs Account, in addition to that, Plaintiff had to pay the full .96 cents to cover the postage of the money which was ordered to be paid by the Plaintiff as that they are in charge of the Defendants Account and as that the defendants have taken $21.39 extra WHEN THE ORIGINAL AMOUNT IS CLEARLY $75.00 this is a clear case of Theft and negligence on the part of the Defendant who has allowed this to take place and as such, she is clearly in charge of the defendants actions and what they have done.

  Defendant Borst originally wrote a Possession of Money ticket on Plaintiff on 11/27/14 stating that plaintiff received 75.00 from Kathleen Spoors and this was based on defendant Borst making the claim that Plaintiff received the money from a family member of another prisoner. This is wrong as that NEVER AT ANYTIME did plaintiff ever possess the money and as such, defendant Borst made a false allegation and Plaintiff now knows what the basis of the allegation was for, TO BE ABLE TO GET THE $21.39 and also, it was ordered to be removed from Plaintiffs Account by CO-DEFENDANT SCHEIDLER, this entire action was done to make sure that the defendants could keep the money and overpay the recipient of the money due to their



being angry with Plaintiff for things that were outside of Plaintiffs control.

Plaintiff submits to this court the documents of the $21.39 that was removed from Plaintiffs account and as such, Plaintiff states that the money removed supports that Plaintiff is in fact, the victim of theft by the defendants.

Defendant Scheilder failed to listen to the defendants defense and ordered the money to be removed making him part of the theft that has been done to Plaintiff by the defendants.

Defendant Weers, wrote Plaintiff A Major Misconduct for Interference with Administration of Rules for the 10 days of Loss of Privileges and 5 Days TOP LOCK that Plaintiff was on where they stated that Plaintiff USED THE TELEPHONE WHILE ON SANCTIONS and the entire reason and grounds for doing so was for the Sole Purpose of ensuring that Defendant is ON SANTIONS AND NOT ABLE TO USE THE TELEPHONE, this is all for their own gain.

Defendant Donald WInsley Violations the Defendants Rights by UPHOLDING A 30 DAY TELEPHONE RESTRICTION THAT WAS PLACED UPON THE PLAINTIFF after it was written by defendant Weers for Defendant Weers alleging that Plaintiff used the E-1 Telephone on JANUARY 13, 2014 while on sanctions when IT IS IMPOSSIBLE FOR PLAINTIFF TO HAVE DONE SO as that **PLAINTIFF DID NOT ARRIVE AT THE**



<u>**LAKELAND CORRECTIONAL FACILITY UNDER JUNE 12, 2014**</u> MAKING IT IMPOSSIBLE FOR PLAINTIFF TO USE THE TELEPHONE ON THAT DATE, AND HIS UPHOLDING THIS 30 DAY TELEPHONE RESTRICTION DID IN FACT, VIOLATE THE PLAINTIFFS RIGHTS TO COMMUNICATE WITH FAMILY UNDER THE FIRST AMENDMENT AND PLAINTIFFS 14TH AMENDMENT RIGHTS TO DUE PROCESS OF LAW, WHERE DEFENDANT WINSLEY SHOULD HAVE KNOW THAT THIS VIOLATION DATE COULD NOT HAVE HAPPENED AND COULD NOT BE POSSIBLE AS THAT PLAINTIFF WAS NOT AT THE FACILITY ON JANUARY 13, 2014...AND BECAUSE HE FAILED TO DO THIS, IT SHOWS THE IMMENSE LENGTHS THAT HAVE WENT TO PLACE PLAINTIFF ON SANCTIONS AND TO ENSURE THAT PLAINTIFF IS NOT ABLE TO EXERCISE ANY OF THE PLAINTIFFS FIRST AND 14TH AMENDMENT RPVILEGES.

DEFENDANT WEERS HERSELF WROTE THE VIOLATION DATE AS BEING JANUARY 13, 2014, THIS IS A LIE, AND IT WAS ONLY DONE TO PREVENT PLAINTIFF FROM USING THE TELEPHONE AND FROM EXERCISING THE PRIVILEGES OF GOING TO YARD AND RECREATION BECAUSE OF THE 30 DAY PHONE RESTRICTION AND THE 15 DAYS SANCTIONS/PUNISHMENT THAT PLAINTIFF WAS ON ALL BECAUSE OF THE ACTIONS OF THE DEFENDANTS LYING ON THE DATE OF THE VIOLATION AT BEING JANUARY 13, 2014 WHEN IT WAS DONE WITH THE SOLE INTENT AND PURPOSE OF MAKING SURE THAT PLAINTIFF CANNOT AND WILL NOT BE ABLE TO EXERCISE THE FIRST AND 14TH AMENDMENT RIGHTS PLAINTIFF IS GUARANTEED BY THE AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.



(7)

DEFENDANT WEERS AND DEFENDANT WINSLEY HAVE BOTH SYSTEMATICALLY EFFECTED WANTON CRUEL & UNUSUAL PUNISHMENT UPON THE DEFENDANT BY LYING ABOUT A DATE OF A A VIOLATION AND THEN, UPHOLDING THE DATE OF THE VIOLATION THROUGH NO OTHER MEANS EXCEPT TO SUBJECT THE PLAINTIFF TO PUNISHMENT THAT IS NOT NECESSARY AND IS BOTH CRUEL & UNUSUAL BECAUSE THE DATE OF A VIOLATION MUST BE CORRECT AND TRUE AND ACCURATE AND NOT BASED ON A LIE.

DEFENDANT BORST WAS NOT AUTHORIZED BY POLICY DIRECTIVE 04.02.105 TO ISSUE A MAJOR MISCONDUCT FOR THE REMOVAL OF FUNDS FROM THE PLAINTIFFS INMATE ACCOUNT AS THAT ONLY THE WARDEN OR THE INSPECTOR CAN ORDER THE REMOVAL OF FUNDS AND <u>**AT NO TIME WERE EITHER PARTY AUTHORIZED OR DESIGNATED BY THE WARDEN TO REMOVE FUNDS FROM THE DEFENDANTS INMATE ACCOUNT**</u>, NOT IN ACCORDANCE WITH POLICY DIRECTIVE 04.02.105 WHICH IS THE ONE THAT THE DEFENDANT ARE CLAIMING THAT PLAINTIFF VIOLATED. AND AS SUCH, THE ISSUING OF THE MAJOR MISCONDUCT REPORT, 30 DAY PHONE RESTRICTION AND THE SANCTIONS ARE ALL MEANT TO DO ON THING AND THAT ONE THINGS IS TO SUBJECT THE PLAINTIFF TO CRUEL & UNUSUAL PUNISHMENT.

### IV EXHAUSTION OF LEGAL CLAIMS

Plaintiff states that the grievance process cannot be



used to EXHAUST THE REMEDIES OR TO RESOLVE THIS AS THAT TICKETS ARE NON-GRIEVABLE AND A GRIEVANCE CANNOT BE FILED ON A MAJOR MISCONDUCT, and as such the actions are done out of sheer cruel and unusual punishment.

### V. LEGAL CLAIMS

Plaintiffs reallege and incorporate by reference paragraphs 1-13.

The defendants violated Plaintiff Derrick Lee Smith's 1st, 8th and 14th amendment rights under the Constitution of the United States.

The Plaintiff has no plain, adequate, or complete remedy at law to redress wrongs described herein. Plaintiff has been and will continue to be irreparably harmed by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgement Granting Plaintiff:

A declaration that the acts and omissions described herein violated the Plaintiffs rights under the Constitution and Laws of the United States.

A preliminary and permanent injunction ordering


(9)

defendants BONITA HOFFNER, BORST, WEERS, SCHIEDLER, WINSLEY AND TRUST ACCOUNTING OFFICE STAFF, Dismiss the Major Misconduct Report, Stop the removing of money from Plaintiffs account, Stop Issuing Major Misconduct Reports for Possession of Money when the defendants are not authorized to remove funds from any inmates account, state that the Telephone restriction was not lawful and that defendants acted only to deprive Plaintiff of his rights under the law of the Constitution, Grant that the defendants will no longer retaliate against plaintiff for the lawsuit filed, Grant that Plaintiff will not BE TRANSFERRED TO AN UPSTATE FACILITY OUT OF RETALIATION FOR THIS LAWSUIT under the guise of a GENERAL TRANSFER,

Compensatory Damages in the amount of $5,000.00 against each defendant, jointly and severally.

Punitive damages in the amount of $5,000.00 against each defendant.

A jury trial on all issues triable by jury.

Plaintiffs costs in this suit.

Any additional relief this court deems just, proper and equitable.

Dated: January 16, 2015

Respectfully submitted by:

*/s/ Derrick Smith*

Mr. Derrick Lee Smith

#267009-E-1-95

Lakeland Correctional Facility

(10)

141 First Street

Coldwater, MI 49036

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true, I certify under penalty of perjury that the foregoing is true and correct.

Executed at Coldwater, MI on January 16, 2015.

*[signature]*

Derrick Lee Smith

(11)

# EXHIBITS

## I,
## II,
## & III

# EXHIBIT A

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**MISCONDUCT REPORT**

CSJ-228
10/10   4835-3228

| Prisoner Number: 267009 | Prisoner Name: Smith | | Facility Code: LCF | Lock: 95 E-1-47 | Violation Date: 10/21/14 |
|---|---|---|---|---|---|
| Time and Place of Violation: JPay Account | | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date _____  ☒ N/A | | | |
| Misconduct Class: ☐ I  ☒ II  ☐ III | | Charge(s): Possession of Money | | | |

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses):

On October 21, 2014 prisoner Smith #267009 received a Jpay deposit from Kathleen Spoors in the amount of 25.00 dollars. Kathleen Spoors is the Grandmother of prisoner Spoors #782057. On 11/03/14 prisoner Smith #267009 received another Jpay deposit in the amount of 50.00 dollars from Kathleen Spoors. Prisoner Smith was identified by OTIS face sheet. Per Policy 04.02.105, prisoners are not allowed to receive funds from another prisoners family member. See attached documents for JPay documentation, Otis face sheet

| Reporting Staff Member's Name (Print): Lt. Borst | Reporting Staff Member's Signature: LT- Borst | Date and Time Written 11/27/14   2057 |
|---|---|---|

EXHIBIT II

# MICHIGAN DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE HEARING REPORT

CSJ-144
REV. 12/01

| Institution: | Prisoner's Name: | | Number: | Date of Notice: |
|---|---|---|---|---|
| LCF | SMITH | | 267009 | 12/15/14 |
| Reporting Staff Member's Signature: | | Block/Unit: | Cell/Room: | |
| C/O WEERS | | E1 | 95 | |

**Purpose of Hearing:**
TELEPHONE RESTRICTION

**REPORTING STAFF MEMBER'S STATEMENT:**
PRISONER SMITH 267009 ASED PRISONER SOULE'S 368845 PIN NUMBER, FROM E1, ON THE FOLLOWING DATES AND TIMES:
1/13/2014 @ 1038, 1339, 1809, 1950, 1951, 2031, 2117, 2248, AND 2322 HRS.
12/14/2014 @ 1231, 1413, 1416, 1614, 1951, 2007, 2308, 2310, 2326 HRS
12/15/2014 @ 1020, 1035, 1334, 1338, 1532 HRS.
USING ANOTHER PRISONER'S PIN NUMBER IS A VIOLATION OF SECTION HH. #10 PRISONER TELEPHONE POLICY 05.03.130

**PRISONER'S STATEMENT:**
I HAVE NEVER USED PRISONER SOULE'S TELEPHONE PIN NUMBER

**HEARING OFFICER'S FINDINGS (INCLUDE REASONS FOR FINDINGS):**
UPON LISTENING TO THE PHONE CALL ON 12/15/2014 @ 1532 HRS THIS HEARINGS OFFICER HAS DETIRMINED THAT THE PERSON ON THE PHONE IS PRISONER SMITH 267009 AND THAT THE PIN NUMBER USED TO PLACE THIS CALL BELONGS TO PRISONER SOULE 368845. I DO THIS BY THE FACT THAT I AM PRISONER SMITH'S UNIT COUNSLEOR AND HAVE FREQUENT CONTACT WITH THIS PRISONER. I FIND THAT PRISONER IS IN VIOLATION OF THE PRISONER TELEPHONE POLICY PD 05.03.130 HH. #10.

**DISPOSITION OF ITEMS, IF ANY:**
THE TELEPHONE RESTRICTION OF 30 IS UPHELD AND IS TO BEGIN ON 12/23/2014 AND END AT MIDNIGHT 1/22/2015.

**TYPE OR PRINT NAME OF HEARING OFFICER:**
Prison Counselor

D. Winsley

**Signature of Hearing Officer:**
*[signature]*

**Date of Hearing:**
Friday, December 19, 2014

DISTRIBUTION: White - RO File;  Canary - Central Office File;  Pink – Prisoner;  Goldenrod - Counselor File

# Michigan Department Of Corrections
## Trust Account Statement
### For the period 01/07/2014 to 01/07/2015

| | | | | | |
|---|---|---|---|---|---|
| MDOC Nbr.: 267009 | Name: Smith, Derrick Lee | Current Lock Loc.: E1:095:Top:E1 | | | |
| Birth Date: 11/01/1972 | Location: LAKELAND CORRECTIONAL F | Jurisdiction Dates: 05/28/1998 | | Active: Yes | |
| Current Balance: .00 | Hold Balance: .00 | Account Dates: 06/13/2014 | | A/C. Status: Active | |

| GJ No. | Date | Description | Debit | Credit |
|---|---|---|---|---|
| **Trust-Lakeland Facility Caseload** | | | | |
| | | 2506 Copies (PBF) Payable | | 2.00 |
| | | 2506 Copies (PBF) Payable | | 14.40 |
| | | 2508 Postage (PBF) Payable | | 0.59 |
| | | 2508 Postage (PBF) Payable | | 0.98 |
| | | 2508 Postage (PBF) Payable | | 0.98 |
| | | 2508 Postage (PBF) Payable | | 1.61 |
| | | 2101 Offender Funds | | 36.24 |
| | Narration: | Batch: 1898535, Ref:41589349-NAVIS,JACQUELINE | | |
| 63023895 | 01/05/2015 | *NCD Notary Charge Disbursement (PBF)* | 2.00 | |
| | | 2101 Offender Funds | 2.00 | |
| | | 2598 Notary Charge Payable - Direct | | 2.00 |
| | Narration: | Batch: 1898688, Ref:LCF Notary Charge - | | |
| 63023896 | 01/05/2015 | *NCD Notary Charge Disbursement (PBF)* | 8.00 | |
| | | 2101 Offender Funds | 8.00 | |
| | | 2598 Notary Charge Payable - Direct | | 8.00 |
| | Narration: | Batch: 1898688, Ref:LCF Notary Charge - | | |
| 63023897 | 01/05/2015 | *NCD Notary Charge Disbursement (PBF)* | 1.00 | |
| | | 2101 Offender Funds | 1.00 | |
| | | 2598 Notary Charge Payable - Direct | | 1.00 |
| | Narration: | Batch: 1898688, Ref:LCF Notary Charge - | | |
| 63032756 | 01/06/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | 2.45 | |
| | | 2101 Offender Funds | 2.45 | |
| | | 2582 Postage (PBF) Payable - Direct | | 2.45 |
| | Narration: | Batch: 1899148, Ref: - | | |
| 63032757 | 01/06/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | 1.40 | |
| | | 2101 Offender Funds | 1.40 | |
| | | 2582 Postage (PBF) Payable - Direct | | 1.40 |
| | Narration: | Batch: 1899148, Ref: - | | |
| 63049542 | 01/06/2015 | *HOA Add Hold* | 21.39 | |
| | | 2101 Offender Funds | 21.39 | |
| | | 2199 Holds | | 21.39 |
| | Narration: | NOI - unauthorized funds-Kathleen Spoors  10/25/14, 11/6/14 | | |
| 63057281 | 01/07/2015 | *HOR Remove Hold* | 21.39 | |
| | | 2199 Holds | 21.39 | |
| | | 2101 Offender Funds | | 21.39 |
| | Narration: | Hold created in txn:63049542 removed. | | |
| 63058012 | 01/07/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | .98 | |
| | | 2101 Offender Funds | 0.98 | |
| | | 2582 Postage (PBF) Payable - Direct | | 0.98 |
| | Narration: | Batch: 1899706, Ref: - | | |
| 63058051 | 01/07/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | .98 | |
| | | 2101 Offender Funds | 0.98 | |
| | | 2582 Postage (PBF) Payable - Direct | | 0.98 |
| | Narration: | Batch: 1899706, Ref: - | | |
| 63058052 | 01/07/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | .98 | |
| | | 2101 Offender Funds | 0.98 | |
| | | 2582 Postage (PBF) Payable - Direct | | 0.98 |
| | Narration: | Batch: 1899706, Ref: - | | |
| 63058053 | 01/07/2015 | *LPOSPBF Legal Postage Disbursement (PBF)* | .98 | |
| | | 2101 Offender Funds | 0.98 | |
| | | 2582 Postage (PBF) Payable - Direct | | 0.98 |
| | Narration: | Batch: 1899706, Ref: - | | |

DEMAND FOR JURY TRIAL

I, Derrick Lee Smith make this DEMAND FOR A JURY TRIAL on all TRIABLE ISSUES

## DAMAGES SOUGHT

I SEEK DAMAGES IN THE COMBINED ABOUT OF $60,000.00 TO BE ENTERED AGAINST THE DEFENDANTS INDIVIDUALLY, SEVERALLY AND JOINTLY.

## CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 15-10349 | Judge: Avern Cohn | Magistrate Judge: Patricia T. Morris |
|---|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>DERRICK LEE SMITH, ET AL | | **Name of 1st Listed Defendant/Respondent:**<br>BONITA HOFFNER, ET AL |
| **Inmate Number:** 267009 | | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | | |
| **Correctional Facility:**<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, MI 49036<br>BRANCH COUNTY | | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes    ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes    ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases