UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Plaintiff,                                      Hon. Janet T. Neff

v.                                                  Case No. 1:15-cv-82

BONITA HOFFNER, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (ECF No. 75). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter terminated.

## BACKGROUND

In his 80-page amended complaint, Plaintiff asserts numerous claims against the Michigan Department of Corrections (MDOC) and numerous other entities and MDOC employees. (ECF No. 32). Most of Plaintiff's claims were subsequently dismissed. (ECF No. 38). Specifically, the only claims remaining in this matter are "the retaliation claims set forth in Claims ## 15 and 16 against Defendants Heyns, Hoffner and Beckwith." (ECF No. 38 at PageID.207). Defendants Hoffner, Heyns, and Beckwith now move to dismiss Plaintiff's remaining claims on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an

agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Defendants have presented evidence that while Plaintiff properly submitted numerous grievances, none of these grievances constitute proper exhaustion of any of the claims remaining in this matter. (ECF No. 76 at PageID.321-24). Plaintiff does not dispute this argument or the evidence on which it is based, but instead responds with vague and nonspecific allegations that his attempts to properly grieve the claims in question were thwarted by prison officials. In support of this argument, Plaintiff has submitted copies of alleged grievances he asserts he attempted to pursue. (ECF No. 80-1 at PageID.360-65, 368-71). Plaintiff contends that rather than properly processing these particular grievances, prison officials either ignored the grievances or informally responded to such by writing the following statements thereon: (1) "this will not be filed you shouldn't file suits on MDOC staff!!!"; (2) "no!!!"; (3) "this will not be filed quit asking!"; (4) "this will not be processed - you shouldn't have filed other grievances"; (5) "so what!!!"; and (6) "this will not be processed - you shouldn't have filed other grievances."

Defendants have submitted an affidavit executed by Tina Stepp, the Corrections Resident Representative who was, during the relevant time period, responsible for responding to prisoner grievances. (ECF No. 82, Exhibit 2). Noting that the grievances in question do not possess a grievance identifier number, Stepp asserts that the grievances "were never actually filed." As for the alleged "responses" to these grievances noted above, Stepp asserts that the handwriting in question is not hers, underscoring that the grievances were never properly filed with prison officials. One of Plaintiff's alleged grievances bears the purported signature of Defendant Beckwith who has submitted an affidavit in which she asserts that her signature was forged thus demonstrating that the grievance was not properly submitted as Plaintiff alleges. (ECF No. 82, Exhibit 4).

Plaintiff has submitted no evidence creating a genuine question of fact. While Defendants have submitted documentary evidence with supporting affidavits, Plaintiff responds with nothing more than his unsubstantiated assertion that Defendants are not being truthful. Plaintiff offers no evidence regarding the specifics of his alleged attempts to submit the grievances in question. Likewise, Plaintiff offers nothing, other than his unsubstantiated conclusion that Defendants are being untruthful, to refute the evidence from Tina Stepp and Defendant Beckwith that the purported responses to Plaintiff's alleged grievances are not authentic. When assessing the letters Plaintiff alleges he submitted to Defendants, the result is the same. Defendants Heyns, Hoffner and Beckwith have submitted affidavits in which they assert that their alleged signatures on these documents are forged and, therefore, demonstrate that the documents in question are inauthentic and were never submitted as Plaintiff alleges. (ECF No. 82, Exhibits 3-5). In response, Plaintiff offers no specifics regarding the communications in question, but instead simply repeats the assertion that the letters are "real."

As discussed above, to defeat a properly supported motion for summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Plaintiff cannot merely assert that Defendants and other prison officials are being untruthful, but must instead present "significant probative evidence" establishing that there exists a genuine factual dispute. Plaintiff has simply failed to do so, despite having had ample opportunity to conduct discovery and present his arguments. Accordingly, the undersigned concludes that Defendants, having met their burden, are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 75), be **granted** and this matter terminated.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 8, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge