UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

v.

BONITA HOFFNER, et al.,

    Defendants.

_____/

Case No. 1:15-cv-82

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging numerous claims against more than 30 Defendants, including retaliation claims against three Defendants, which remain for decision. Defendants filed a motion for summary judgment, based on the failure to exhaust administrative remedies (Dkt 75). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 97), recommending Defendants' motion for summary judgment be granted (Dkt 75). The matter is presently before the Court on Plaintiff's two consecutively filed Objections to the Report and Recommendation (Dkts 98, 99). Plaintiff has since filed a motion to proceed to trial, or in the alternative, a motion for summary judgment in his favor (Dkt 101). Defendants filed a response (Dkt 102), and Plaintiff filed a reply (Dkt 103). Defendant has also most recently filed a "Request for a Decision on the Pending Civil Rights Complaint [in this case] & Notice of Appeal of the Court['s] Obvious Forthcoming Decision which will Clearly be Ruled against the Plaintiff[] and in favor of the Defendants based on this Court['s] Previous Decision-Making to Help Speed up the Appeal

Process in this Last Remaining Case" (Dkt 105). The Court construes Plaintiff's most recent filing as a request for a decision on his pending objections to the Report and Recommendation and motion in this case rather than a notice of appeal potentially depriving this Court of jurisdiction.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objections, denies Plaintiff's motion to proceed to trial or for summary judgment in his favor, grants Defendants' motion for summary judgment, and issues this Opinion and Order.

**I. Plaintiff's Motion for Summary Judgment and Related Objection**

In his first Objection filed (Dkt 98), Plaintiff objects that the Magistrate Judge failed to consider Plaintiff's motion for summary judgment (Dkt 101), which he claims crossed in the mail with the Report and Recommendation (Pl. Obj., Dkt 98 at PageID.478). Plaintiff further generally objects that the Magistrate Judge has shown she cannot be impartial where she has credited Defendants' affidavit over Plaintiff's affidavit and has failed to consider Plaintiff's motion for summary judgment (*id.*).

Plaintiff's motion, titled "Plaintiff['s] Motion to Proceed to Trial or, in the Alternative, Plaintiff['s] Motion for Summary Judgement Being Entered in Favor of the Plaintiff," is undated, but shows a proof of service date of March 8, 2017 (Dkt 101 at PageID.513), the same date the Report and Recommendation was entered. The motion was received for filing on March 27, 2017.

Plaintiff's motion for summary judgment is untimely by more than five months. On May 2, 2016, the Magistrate Judge issued a case management order directing that each party could file

one motion for summary judgment "no later than 28 days after the close of discovery" (Dkt 62 at PageID.268). The Magistrate Judge also ordered that discovery be "completed within 120 days from the date of this [case management] order" (*id.*). As such, Plaintiff could file a motion for summary judgment no later than September 29, 2016.[1] However, Plaintiff filed his one allotted motion for summary judgment in March 2017, more than five months after the case management deadline and eight months after Defendants' motion for summary judgment was filed.

Plaintiff's motion to proceed to trial, or in the alternative, for summary judgment, is denied as untimely. Plaintiff's objection that the Magistrate Judge failed to consider the motion is without merit and is likewise denied. Plaintiff's further general objection that the Magistrate Judge has shown she cannot be impartial is raised repeatedly in Plaintiff's later-filed Objection (Dkt 99), and is properly denied for the reasons stated below.

## II. Plaintiff's Remaining Objections

Plaintiff's lengthy second-filed Objection (Dkt 99) includes various consecutively numbered objections and other misnumbered or unnumbered objections. However, most of Plaintiff's objections (*see id.* at PageID.482-491) are unrelated to the claims addressed by the Report and Recommendation in this case (R&R, Dkt 97),[2] and instead, are objections essentially duplicative of those in another of Plaintiff's cases that was before this Court (*Smith v Weers et al.*, 1:15-cv-42 (W.D. Mich.), *see* Dkt 122) premised on alleged retaliatory transfer preventing Plaintiff from litigating his state case in the Branch County Circuit Court. These unrelated objections are denied as moot.

---

[1] The date of September 29, 2016 does not take into account delivery time or additional days for certain kinds of service. However, even if such time is considered, Plaintiff's motion for summary judgment is still exceedingly untimely.
[2] Plaintiff has only claims ## 15 and 16 remaining in this case. Claim #15 concerns Plaintiff's "transfer list" claim. Claim #16 concerns Plaintiff's "dog program" claim.

3

The remaining relevant portions of Plaintiff's Objection (Dkt 99 at PageID.491-497) fail to point to any specific error in the Report and Recommendation. Instead, Plaintiff presents a "global" challenge that the Magistrate Judge lacks impartiality, has merely sided with Defendants, and has deliberately prevented Plaintiff from presenting probative evidence of exhaustion. Plaintiff states that the Magistrate Judge denied his motion for discovery, and now, has used the denial of discovery to rule in favor of Defendants on the ground that Plaintiff has submitted no evidence creating a genuine issue of fact (*see, e.g.*, Dkt 99 at PageID.494, 496). Plaintiff argues that Defendants have not established their affirmative defense of showing that Plaintiff failed to exhaust his administrative remedies (*id.* at PageID.493-495).

Plaintiff argues that the "grievances and letters" he has submitted are "proof" and "probative evidence" (*id.* at PageID.492, 496). He asserts that Defendants "are now lying under oath" when stating that Plaintiff's "documents are false" (*id.* at PageID.495). Thus, his evidence "is claimed to be false simply because the Defendants say it is false" (*id.* at PageID.492). Plaintiff contends that Defendants offered no evidence to support their unsubstantiated claims that Plaintiff's documents were false, and the Magistrate Judge is merely "wedded to" taking Defendants' affidavits as true (*id.* at PageID.495). Plaintiff argues that his evidence creates "genuine issues for trial," and is "a substantial showing" of all elements essential for his case, such that "no reasonable trier of fact could find other [than] for the Plaintiff" (*id.* at PageID.493).

The Court is not persuaded by Plaintiff's arguments, all of which are interrelated and generally challenge the ultimate outcome of this case. With regard to discovery, Plaintiff asserts that his requests for discovery were "in accordance with the [F]ederal [R]ules of [C]ivil [P]rocedure" (Dkt 99 at PageID.496). However, the Magistrate Judge found no evidence that Plaintiff had submitted a discovery request to Defendants, and even assuming he had, Plaintiff

was not entitled to relief from the Court because he "failed to submit or sufficiently describe the discovery requests in dispute and/or sufficiently describe the basis for Defendants' alleged objection thereto or submit a copy of any such objection" (Dkt 63 at PageID.271, citing Local Rule of Civil Procedure 7.1(b) (mandating that "[a]ll discovery motions shall set forth verbatim, or have attached, the relevant discovery request and answer or objection"); Dkt 90 at PageID.455). Plaintiff has shown no error in the denial of his discovery motions or that they were denied based on mere favoritism toward Defendants.

Second, the Magistrate Judge properly considered the arguments and the record evidence concerning exhaustion. The Magistrate Judge correctly noted that "the non-moving party cannot defeat a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility determinations" (R&R, Dkt 97 at PageID.471). Further, Plaintiff must present "significant probative evidence" establishing the existence of a genuine factual dispute (*id.*). The Magistrate Judge fully and properly considered all pleadings, affidavits, exhibits, and other evidence presented. The Magistrate Judge noted that Plaintiff "submitted no evidence creating a genuine question of fact," and while Defendants had submitted documentary evidence with their affidavits, Plaintiff offered "no evidence regarding the specifics of his alleged attempts to submit the grievances in question" (*id.* at PageID.475). Likewise, Plaintiff offered no specifics regarding his alleged letters or communications in question (*id.*). Plaintiff's reargument that his assertions are truthful, and his complaints that the Magistrate Judge simply favors Defendants, are not supported by the record.

The Magistrate Judge properly determined that Defendants "presented evidence that while Plaintiff properly submitted numerous grievances, none of these grievances constitute proper exhaustion of any of the claims remaining in this matter" (Dkt 97 at PageID.474). The

Magistrate Judge thus concluded that Defendants met their burden of showing that Plaintiff failed to exhaust his administrative remedies regarding claims ## 15 and 16 (*id.* at PageID.475).

Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion and are therefore denied.

### III. Conclusion

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are denied. Plaintiff's motion to proceed to trial, or in the alternative, motion for summary judgment in his favor is denied. Defendants' motion for summary judgment is properly granted.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Having now resolved all claims in this case, the Court will enter a Judgment consistent with this Opinion and Order.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 98, 99) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 97) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 75) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed to trial, or in the alternative, motion for summary judgment in his favor (Dkt 101) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: May 12, 2017

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge